IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTE PRINCE,** | : | CIVIL ACTION NO. 1:25-CV-1305 |
| Petitioner | : | (Judge Neary) |
| v. | : | |
| **WARDEN OF FCI-ALLENWOOD MEDIUM,** | : | |
| Respondent | : | |

# MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Donte Prince, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to give him credit towards his sentence for time that he spent in federal custody prior to the imposition of his sentence on a writ of habeas corpus ad prosequendum. The petition will be dismissed for failure to exhaust administrative remedies.

## I.     Factual Background & Procedural History

Prince is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a federal sentence imposed by the United States District Court for the Northern District of Ohio. (Doc. 13-2). At the time he was indicted, he was serving an earlier state sentence in Ohio. (Id.) His petition in the instant case seeks credit towards his sentence for the period when he was in federal custody prior to the imposition of his sentence on a writ of habeas corpus ad prosequendum. (Doc.

1).[1] Respondent filed a response on August 21, 2025, arguing that the petition should be dismissed for failure to exhaust administrative remedies and that Prince's claim otherwise fails on its merits. (Doc. 13). Prince did not file a formal reply brief, but on September 29, 2025, he filed a copy of respondent's response with handwritten notes and comments in the margins responding to respondent's arguments. (Doc. 14). The court liberally construes this document as Prince's reply brief.

**II.     Discussion**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the

---

[1] This case was initially filed in the Norther District of Ohio on February 28, 2025. That court transferred the case to this district on July 17, 2025, because the proper venue for a Section 2241 habeas corpus petition is the venue in which the petitioner is incarcerated.

general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Prince's petition should be dismissed for failure to exhaust administrative remedies because he did not file any administrative remedy requests prior to filing the instant case. (Doc. 13 at 8-10). Prince has not refuted this argument in his reply brief. The only argument he makes regarding exhaustion of administrative remedies is a conclusory statement that "he has filed all remedies to get time served credited up to this point." (Doc. 14 at 5). This conclusory and unsupported argument is not sufficient to establish exhaustion. Prince has also failed to attach any exhibits to his petition from which it could be concluded that he exhausted administrative remedies. His petition will accordingly be dismissed for failure to exhaust administrative remedies.

**III.** **Conclusion**

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   September 30, 2025